**Jia Tong LIU, et al., Plaintiffs— Appellants,**

v.

**Thomas SCHILTGEN, District Director of the Los Angeles Immigration and Naturalization Service (INS); et al., Defendants—Appellees.**

No. 03–55420.

D.C. No. CV–02–03056–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Jan. 11, 2005.

Robert J. Dupont, Pasadena, CA, for Plaintiffs–Appellants.

Carla A. Ford, USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before BROWNING, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Jia Tong Liu, a native and citizen of China, appeals from the district court's dismissal of his complaint against the Immigration and Naturalization Service ("INS")[1] alleging unjustified delay and active discrimination in the handling of his I–485 application for adjustment of status.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The INS ceased to exist on March 1, 2003, when its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135. However, we refer to the agency as the INS here because the proceedings in this case were instigated before the transfer.

After Liu filed his complaint, the INS revoked his I–140 business visa, which led to the denial of his I–485 application. The district court granted the INS' motion for dismissal of Liu's complaint without a written statement of decision, apparently because it found Liu's discrimination claim legally incognizable, as well as insufficiently supported by the record.[2] Liu also appeals the district court's denial of his motion to compel discovery from certain INS officials. We affirm the district court's rulings on both motions.

We have jurisdiction over these claims pursuant to 28 U.S.C. § 1331.[3] We review the district court's rejection of Liu's motion to compel discovery for abuse of discretion. *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir.2002). We review the district court's decision to grant summary judgment *de novo*. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir.1991). Liu's claim of agency inaction is moot because the INS reached a final determination on his I–485 application while Liu's action was pending in district court and we can no longer grant effective relief. *See Canez v. Guerrero*, 707 F.2d 443, 446 (9th Cir.1983).

## A. LIU'S MOTION TO COMPEL DISCOVERY

Liu challenges the district court's rejection of his motion to compel deposition testimony from INS officers involved in the review of his visa petitions. While a court may require the administrative officials who participated in a decision to give testimony explaining their action, "such an inquiry into the mental processes of administrative decisions is usually to be avoided." *Citizens to Preserve Overton Park*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Narrow exceptions exist if discovery is necessary to decide whether the agency considered all relevant factors, or if plaintiffs make a "showing of agency bad faith." *Lands Council v. Powell*, 379 F.3d 738, 747 (9th Cir.2004) (quotation omitted).

■ To the extent that Liu's discovery request seeks evidence that the INS discriminated against him on the basis of nationality, the discovery is not linked to a legally cognizable claim. *Reno v. American–Arab Antidiscrimination Comm. (AADC)* held that aliens have no constitutional right to assert selective enforcement claims based on national origin.[4] *See* 525 U.S. 471, 491, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). Further, Liu cites no statute or regulation indicating that the INS is not permitted to discriminate on the basis of nationality. Whereas the Ninth Circuit has found that alleging *certain* forms of INS discrimination can state a cognizable legal claim—such as decisions made on the basis of race or ethnicity, *Wong v. United States*, 373 F.3d 952, 968 & n. 21 (9th Cir.2004)—*AADC* counsels against granting discovery for a statutory or regulatory claim of selective enforcement based on nationality.[5]

---

2. The district court order dismisses Liu's complaint on the INS motion for either summary judgment or failure to state a claim. We apply the more stringent summary judgment standard given that the same outcome is reached in either case.

3. The district court had jurisdiction over Liu's claim under *Ana International Inc. v. Way*, 393 F.3d 886 (9th Cir.2004) (holding that decision to revoke visa pursuant to 8 U.S.C. § 1155 is not barred from judicial review by 8 U.S.C. § 1252(a)(2)(B)(ii)).

4. Without a constitutional predicate, Liu's § 1983 claim is also not cognizable. *See Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir.1996).

5. Liu's opening brief alleges that revocation of his visa petition was "retaliatory." While retaliation might theoretically come within the "bad faith" exception to the general rule

The district court did not abuse its discretion by denying Liu's motion to compel deposition testimony from INS officials.

## B. LIU'S DISCRIMINATION CLAIM ON THE MERITS

We also hold that it was not legal error for the district court to grant summary judgment to the INS. To prevail on summary judgment, the INS needed to show that it was entitled to judgment as a matter of law and that there was no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As explained in Part A, the INS was entitled to judgment as a matter of law regarding Liu's claim of discrimination on the basis of nationality.

 In addition, Liu failed to produce sufficient evidence of discrimination based on any other legally-protected category to show a genuine issue as to any material fact. "An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir.2001). The record shows that the INS scrutinized visa applicants from China because of concerns regarding fraudulent business practices in that country, not because of race, ethnicity, or any other legally prohibited ground. Also, the INS made individualized findings that Liu did not satisfy the statutory definition of the "multinational executive or manager" classification, and there was no "bona fide corporate relationship" between the Chinese parent company and the American subsidiary that Liu managed. These findings appear to constitute "good and sufficient cause" for revocation of Liu's visa. 8 U.S.C. § 1155; 8 C.F.R. § 205.3. Although

barring compelled depositions of administrative officials, *Lands Council,* 379 F.3d at 747, Liu's discovery request does not appear to

Liu did produce declarations from his attorneys and three paper exhibits, these documents alone were not enough to withstand summary judgment.

Liu also failed to produce sufficient evidence that the INS revoked his I–140 visa and denied his I–485 application in retaliation for his lawsuit. The record shows that the INS was investigating Liu's visa and application and had, in fact, discovered discrepancies in Liu's application and recommended revoking his visa *before* Liu filed his lawsuit.

Summary judgment for the INS was proper because Liu has not presented sufficient evidence to sustain any legally cognizable claim.

AFFIRMED.

seek evidence that would support a theory of retaliation.